122 F.3d 1072
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Raymon MAIDA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70762.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 3, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ramon Maida, a native and citizen of Syria, petitions for review of the Board of Immigration Appeals' ("BIA") decision finding him ineligible for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 We review for substantial evidence the BIA's factual findings underlying its decision finding that an applicant is statutorily ineligible for relief, reversing only if the record evidence would compel a reasonable factfinder to conclude that the requisite fear of persecution existed. See Aruta v. INS, 80 F.3d 1389, 1393 (9th Cir.1996).
 
 
 4
 Maida contends that he presented sufficient evidence to establish a well-founded fear of persecution based upon political opinion. This contention lacks merit.
 
 
 5
 Maida's asylum claim arises from a land dispute involving a family of transients who trespassed and temporarily settled onto his farmland. Maida testified that the transients once threatened him with a gun when he told them to leave. Maida also testified that he did not seek help from the Syrian government because he believed that the transients would have left his land by the time he instituted legal proceedings against them. Maida's testimony, however, has no bearing upon whether he possesses a well-founded fear of persecution based upon his political opinion.[1] See Sangha v. INS, 103 F.3d 1482, 1488-89 (9th Cir.1997). Accordingly, we conclude that substantial evidence supports the BIA's decision finding Maida statutorily ineligible for relief. See Estrada-Posadas v. INS, 924 F.2d 916, 920 (9th Cir.1991).
 
 
 6
 Because Maida failed to meet the lower standard required to obtain asylum, we conclude that he was not entitled to withholding of deportation. See Aruta, 80 F.3d at 1396.
 
 PETITION FOR REVIEW DENIED.[2]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Although Maida stated in his asylum application that he feared persecution on account of his religion, Maida has waived his right to assert this contention because he has failed to raise it in his petition for review. See Martinez-Serrano v. INS, 94 F.3d 1256, 1259-60 (9th Cir.1996)
 
 
 [2]
 Because we do not consider Maida's defective supplemental brief, we deny the government's motion to strike that brief